UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

DENNIS BOURDEKAS,

                      Plaintiff,

    -against-

CITY OF NEW YORK, EDWIN MARTINEZ, Individually,
PASQUALE BICCHETTI, Individually, MARK BURGER,
Individually, and JOHN and JANE DOE 1 through 10,
Individually (the names John and Jane Doe being fictitious,
as the true names are presently unknown),

                      Defendants.

------------------------------------------------------------------------X

**AMENDED COMPLAINT**

13 CV 2707 (BMC)

<u>Jury Trial Demanded</u>

      Plaintiff DENNIS BOURDEKAS, by his attorneys, Leventhal & Klein, LLP, complaining of the defendants, respectfully alleges as follows:

### **Preliminary Statement**

    1.    Plaintiff brings this action for compensatory damages, punitive damages and attorneys' fees pursuant to 42 U.S.C. §§ 1983 and 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitution of the United States. Plaintiff also asserts supplemental state law claims.

### **JURISDICTION**

    2.    This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution. Plaintiff also asserts supplemental state law claims.

    3.    Jurisdiction is found upon 28 U.S.C. §§1331, 1343 and 1367.

## VENUE

4. Venue is properly laid in the Eastern District of New York under 28 U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6. Plaintiff DENNIS BOURDEKAS is a forty-seven year old man residing in Queens, New York.

7. Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Defendant CITY OF NEW YORK maintains the New York City Police Department (hereinafter referred to as "NYPD"), a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, CITY OF NEW YORK.

9. That at all times hereinafter mentioned, the individually named defendants, EDWIN MARTINEZ, PASQUALE BICCHETTI, MARK BURGER, and JOHN and JANE DOE 1 through 10, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10. That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York and/or the City of New York.

11. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

## FACTS

12. On February 4, 2012, plaintiff was taken into the care, custody, and control of the New York City Police Department.

13. While in the care, custody, and control of the New York City Police Department, plaintiff experienced trouble breathing and a racing heartbeat.

14. As a result, plaintiff was transported to and thereafter admitted into Flushing Hospital Medical Center for medical treatment.

15. Plaintiff remained under the care, custody, and control of the New York City Police Department during the time he was admitted to Flushing Hospital Medical Center.

16. Plaintiff remained at Flushing Hospital Medical Center from February 4, 2012 at approximately, 8:00 p.m. through February 9, 2012 at approximately 5:00 p.m.

17. During the aforesaid period of time that plaintiff was hospitalized, except for brief periods when plaintiff was allowed to use the restroom, plaintiff's left wrist was unreasonably tightly and otherwise unsafely handcuffed to his hospital bed and/or or otherwise allowed to remain in said condition by the defendant NYPD officers responsible for guarding him during this time period, including, but not limited to, defendants EDWIN MARTINEZ, PASQUALE BICCHETTI, MARK BURGER, and the DOE defendants.

18. The defendant officers, including but not limited to, EDWIN MARTINEZ, PASQUALE BICCHETTI, MARK BURGER, and the DOE defendants, who were responsible for the custody and control of plaintiff, ignored plaintiff's repeated complaints that said handcuff

was causing severe pain and numbness to his left wrist, and continued to restrain plaintiff in said painful, unsafe and unreasonable manner.

19. As a result of plaintiff's prolonged and unsafe handcuffing by the defendant officers, including but not limited to, EDWIN MARTINEZ, PASQUALE BICCHETTI, MARK BURGER, and the DOE defendants, plaintiff experienced pain and numbness to his left hand which persisted after the removal of the tight handcuff.

20. Plaintiff sought treatment for the continued pain and numbness, and was diagnosed with injuries including, but not limited to, left radial sensory neuropathy.

21. The above injuries and resulting pain and discomfort occurred as a result of the defendant officers' actions in either directly participating in the improper and unsafe handcuffing, or in failing to intervene on plaintiff's behalf.

22. All of the above occurred as a direct result of the unconstitutional policies, customs or practices of the City of New York, including, without limitation, the inadequate screening, hiring, retaining, training and supervising its employees.

23. The aforesaid event is not an isolated incident. Defendant CITY OF NEW YORK is aware (from lawsuits, notices of claims, and complaints field with the NYPD's Internal Affairs Bureau, and the CITY OF NEW YORK's Civilian Complaint Review Board) that many NYPD officers, including the defendants, are insufficiently trained regarding proper handcuffing procedures, and that they act with deliberate disregard for the safety of prisoners with injuries.

24. Defendant CITY OF NEW YORK is further aware that such improper training has often resulted in a deprivation of civil rights. Despite such notice, defendant CITY OF NEW YORK has failed to take corrective action. This failure caused the officers in the present case to violate the plaintiff's civil rights.

25. Moreover, upon information and belief, defendant CITY OF NEW YORK was aware, prior to the incident, that the individual defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as police officers. Despite such notice, defendant CITY of NEW YORK has retained these officers, and failed to adequately train and supervise them.

26. As a result of the foregoing, plaintiff DENNIS BOURDEKAS sustained, *inter alia*, serious physical injuries, emotional distress, embarrassment, and humiliation, and deprivation of his constitutional rights.

## Federal Claims

### AS AND FOR A FIRST CAUSE OF ACTION
(Deprivation of Rights Under 42 U.S.C. § 1983)

27. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs "1" through "26" with the same force and effect as if fully set forth herein.

28. All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

29. All of the aforementioned acts deprived plaintiff DENNIS BOURDEKAS of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

30. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto.

31. The acts complained of were carried out by the aforementioned individual

defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

32. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

33. As a result of the foregoing, plaintiff DENNIS BOURDEKAS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A SECOND CAUSE OF ACTION**
(Excessive Force under 42 U.S.C. § 1983)

34. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "33" with the same force and effect as if fully set forth herein.

35. The level of force employed by defendants was excessive, objectively unreasonable and otherwise in violation of plaintiff DENNIS BOURDEKAS'S constitutional rights.

36. As a result of the aforementioned conduct of defendants, plaintiff DENNIS BOURDEKAS was subjected to excessive force and sustained serious physical injuries and emotional distress.

37. As a result of the foregoing, plaintiff DENNIS BOURDEKAS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable

attorneys' fees, costs and disbursements of this action.

### AS AND FOR A THIRD CAUSE OF ACTION
(Deliberate Indifference to Serious Medical Needs under 42 U.S.C. § 1983)

38. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "37" with the same force and effect as if fully set forth herein.

39. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that was deliberately indifferent to plaintiff's serious medical needs by disregarding an excessive risk to the plaintiff's health or safety, which is forbidden by the Constitution of the United States.

40. As a result of the foregoing, plaintiff DENNIS BOURDEKAS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A FOURTH CAUSE OF ACTION
(Failure to Intervene under 42 U.S.C. § 1983)

41. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "40" with the same force and effect as if fully set forth herein.

42. Defendants had an affirmative duty to intervene on behalf of plaintiff DENNIS BOURDEKAS, whose constitutional rights were being violated in their presence by other officers.

43. The defendants failed to intervene to prevent the unlawful conduct described herein.

44. As a result of the foregoing, plaintiff DENNIS BOURDEKAS was subjected to excessive force and he was put in fear of his safety.

45.    As a result of the foregoing, plaintiff DENNIS BOURDEKAS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A FIFTH CAUSE OF ACTION
(Supervisory Liability under 42 U.S.C. § 1983)

46.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "45" with the same force and effect as if fully set forth herein.

47.    The supervisory defendants personally caused plaintiff's constitutional injury by being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees.

48.    As a result of the foregoing, plaintiff DENNIS BOURDEKAS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A SIXTH CAUSE OF ACTION
(Municipal Liability under 42 U.S.C. § 1983)

49.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "48" with the same force and effect as if fully set forth herein.

50.    Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

51.    The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York Police Department included, but were not limited to, using excessive force

against individuals, including, without limitation, unreasonable and unsafe handcuffing, and ignoring individuals' complaints that handcuffs are causing severe pain and numbness.

52. In addition, the City of New York engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training and supervising its employees that was the moving force behind the violation of plaintiff DENNIS BOURDEKAS's rights as described herein. As a result of the failure of the City of New York to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

53. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff DENNIS BOURDEKAS.

54. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff DENNIS BOURDEKAS as alleged herein.

55. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiff DENNIS BOURDEKAS as alleged herein.

56. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department, plaintiff DENNIS BOURDEKAS was subjected to excessive force and deliberate indifference.

57. Defendants, collectively and individually, while acting under color of state law,

were directly and actively involved in violating plaintiff DENNIS BOURDEKAS'S constitutional rights.

58. All of the foregoing acts by defendants deprived plaintiff DENNIS BOURDEKAS of federally protected rights, including, but not limited to, the right:

    A.    To be free from excessive force;

    B.    To be free from deliberate indifference to serious medical needs; and

    B.    To be free from the failure to intervene.

59. As a result of the foregoing, plaintiff DENNIS BOURDEKAS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### Supplemental State Law Claims

60. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "59" with the same force and effect as if fully set forth herein.

61. Within ninety (90) days after the claim herein accrued, plaintiff duly served upon, presented to and filed with the CITY OF NEW YORK, a Notice of Claim setting forth all facts and information required under the General Municipal Law 50-e.

62. The CITY OF NEW YORK has wholly neglected or refused to make an adjustment or payment thereof and more then thirty (30) days have elapsed since the presentation of such claim as aforesaid.

63. This action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

64. Plaintiff has complied with all conditions precedent to maintaining the instant

action.

65. This action falls within one or more of the exceptions as outlined in C.P.L.R. 1602.

## AS AND FOR A SEVENTH CAUSE OF ACTION
(Assault under the laws of the State of New York)

66. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "65" with the same force and effect as if fully set forth herein.

67. As a result of the foregoing, plaintiff DENNIS BOURDEKAS was placed in apprehension of imminent harmful and offensive bodily contact.

68. As a result of defendant's conduct, plaintiff DENNIS BOURDEKAS has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

69. As a result of the foregoing, plaintiff DENNIS BOURDEKAS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR AN EIGHTH CAUSE OF ACTION
(Battery under the laws of the State of New York)

70. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "69" with the same force and effect as if fully set forth herein.

71. Defendants made offensive contact with plaintiff DENNIS BOURDEKAS without privilege or consent.

72. As a result of defendants' conduct, plaintiff DENNIS BOURDEKAS has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and

humiliation.

73. As a result of the foregoing, plaintiff DENNIS BOURDEKAS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A NINTH CAUSE OF ACTION
(Intentional Infliction of Emotional Distress under the laws of the State of New York)

74. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "73" with the same force and effect as if fully set forth herein.

75. The aforementioned conduct was extreme and outrageous, and exceeded all reasonable bounds of decency.

76. The aforementioned conduct was committed by defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

77. The aforementioned conduct was committed by defendants while acting in furtherance of their employment by defendant CITY OF NEW YORK.

78. The aforementioned conduct was intentional and for the sole purpose of causing severe emotional distress to plaintiff DENNIS BOURDEKAS.

79. As a result of the aforementioned conduct, plaintiff DENNIS BOURDEKAS suffered emotional distress, physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

80. As a result of the foregoing, plaintiff DENNIS BOURDEKAS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable

attorneys' fees, costs and disbursements of this action.

## AS AND FOR A TENTH CAUSE OF ACTION
(Negligent Screening, Hiring, and Retention under the laws of the State of New York)

81.  Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraph numbered "1" through "80" with the same force and effect as if fully set forth herein.

82.  Upon information and belief, defendant CITY OF NEW YORK failed to use reasonable care in the screening, hiring and retention of the aforesaid defendants who conducted and participated in the arrest of plaintiff DENNIS BOURDEKAS.

83.  Defendant CITY OF NEW YORK knew, or should have know in the exercise of reasonable care, the propensities of the individual defendants to engage in the wrongful conduct heretofore alleged in this Complaint.

84.  As a result of the foregoing, plaintiff DENNIS BOURDEKAS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR AN ELEVENTH CAUSE OF ACTION
(Negligent Training and Supervision under the laws of the State of New York)

85.  Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "84" with the same force and effect as if fully set forth herein.

86.  Upon information and belief the defendant CITY OF NEW YORK failed to use reasonable care in the training and supervision of the aforesaid defendants who subjected plaintiff to over tight handcuffs.

87.  As a result of the foregoing, plaintiff DENNIS BOURDEKAS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive

damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A TWELFTH CAUSE OF ACTION
(Negligence under the laws of the State of New York)

88. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "87" with the same force and effect as if fully set forth herein.

89. Plaintiff's injuries herein were caused by the carelessness, recklessness and negligence of the defendant CITY OF NEW YORK and its employees and agents, who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

90. As a result of the foregoing, plaintiff DENNIS BOURDEKAS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A THIRTEENTH CAUSE OF ACTION
(*Respondeat Superior* liability under the laws of the State of New York)

91. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "90" with the same force and effect as if fully set forth herein.

92. Defendant CITY OF NEW YORK is vicariously liable for the acts of its employees and agents who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

93. As a result of the foregoing, plaintiff DENNIS BOURDEKAS is entitled to compensatory damages in amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable

attorneys' fees, costs and disbursements of this action.

**WHEREFORE**, plaintiff DENNIS BOURDEKAS demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A) full and fair compensatory damages in an amount to be determined by a jury;

(B) punitive damages against the individual defendants in an amount to be determined by a jury;

(C) reasonable attorneys' fees and the costs and disbursements of this action; and

(D) such other and further relief as appears just and proper.

Dated: Brooklyn, New York
July 26, 2013

LEVENTHAL & KLEIN, LLP
Attorneys for Plaintiff DENNIS BOURDEKAS
45 Main Street, Suite 230
Brooklyn, New York 11201
(718) 722-4100

By: _____
BRETT H. KLEIN (BK4744)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------------X

DENNIS BOURDEKAS,

                              Plaintiff,                           13 CV 2707 (BMC)

    -against-

CITY OF NEW YORK, EDWIN MARTINEZ, Individually,
PASQUALE BICCHETTI, Individually, MARK BURGER,
Individually, and JOHN and JANE DOE 1 through 10,
Individually (the names John and Jane Doe being fictitious,
as the true names are presently unknown),

                              Defendants.

----------------------------------------------------------------------------X


**AMENDED COMPLAINT**


**LEVENTHAL & KLEIN, LLP**
Attorneys for the Plaintiff
45 Main Street, Suite 230
Brooklyn, New York 11201
(718) 722-4100